Harper, J.
I have no doubt on principle and the practice of the Court of Chancery, of the competency of the Court to order funds of an infant under its control, to be paid to a guardian appointed and residing in another State. This must often be a matter of almost absolute necessity, but is subject to the direction of the Court. It has been held, that where no administration had been granted in the State, a debtor of an intestate, making payment bona fide to an administrator, appointed in another State where the intestate was domiciliated at the time 'of his death, was discharged. The executors might perhaps have been justified in paying over to the guardian, on their own responsibility. With respect to the infants, however, they are trustees, and it was proper that they should take the direction of the Court.
In making such an order, the Court will take every precaution to guard against abuse and loss to the infants. There must be a reference, not only to ascertain the fact of the guardian’s having been regularly appointed, according to the laws of the State in which he and the ward reside, but his fitness for the appointment; and whether sufficient security has been given.
The order dismissing the petition is, therefore, reversed, and a reference ordered accordingly.
Johnson and O’Neall, Js., concurred.